UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNCLAIMED PROPERTY RECOVERY
SERVICE, INC. and BERNARD GELB,

              Plaintiffs,

              -against-

CREDIT SUISSE AG, a/k/a CREDIT SUISSE, f/k/a:
CREDIT SUISSE FIRST BOSTON, and CREDIT
SUISSE FIRST BOSTON LLC,

              Defendants.
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 6 2013

12 Civ. 3290 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Unclaimed Property Recovery Service, Inc. ("UPRS") and Bernard Gelb ("Gelb") filed a Complaint against Credit Suisse First Boston Corporation, Credit Suisse (USA) Inc., and Credit Suisse Securities (USA) LLC ("CSSU") on April 26, 2012, alleging Defendants' interference with Plaintiffs' business relationship, defamation, and various contractual claims. On July 31, 2012, Defendants moved to dismiss for lack of jurisdiction. Plaintiffs filed an Amended Complaint against Credit Suisse AG ("CS AG") and CSSU[1] on August 23, 2012. Pursuant to a stipulation and order entered on August 31, 2012, the motion to dismiss was withdrawn without prejudice. Defendants again moved to dismiss for lack of jurisdiction on October 26, 2012. For the following reasons, Defendants' motion is granted.

## DISCUSSION

Diversity jurisdiction requires that "all adverse parties to a litigation are completely diverse in their citizenships," Herrick Co., Inc. v. SCS Commc'ns., Inc., 251 F.3d 315, 322 (2d

---

[1] Although CSSU is not named as a defendant and does not appear in the caption, Credit Suisse First Boston LLC was renamed Credit Suisse Securities (USA) LLC in January 2006. (Burstein Decl. ¶ 2.)

Cir.2001), meaning that "'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" Synergy Advanced Pharm. v. CapeBio LLC, 797 F. Supp. 2d 276, 281 (S.D.N.Y. 2011) (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). While "a court must accept as true all material factual allegations in the complaint," jurisdiction may not be shown "by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (internal quotations omitted). Additionally, "[o]n a rule 12(b)(1) motion, . . . the court may resolve the disputed jurisdictional issues by referring to evidence outside of the pleadings, such as affidavits." Zapata Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

"CSSU is a limited liability company organized and existing under the laws of Delaware." (Burstein Decl. ¶ 2; see also Am. Compl. ¶ 5.) For purposes of determining whether diversity jurisdiction exists, "a limited liability company . . . takes the citizenship of each of its members." Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). Accordingly, CSSU is a New York citizen because the sole member of CSSU is Credit Suisse (USA), Inc., which has its principal place of business and corporate headquarters in New York. (Burstein Decl. ¶ 3.) Plaintiffs respond that New York is only home to a branch office of CS AG, but that is not supported by any of the document upon which Plaintiffs rely. Plaintiffs' exhibits merely confirm that CS AG has its own headquarters in Switzerland and an office in New York, but they do not in any way suggest that Credit Suisse (USA) Inc. – and therefore CSSU – are not New York citizens. (See Exs. 6-7, 9.) These are not mutually exclusive possibilities.

In arguing that Defendants are not New York citizens, Plaintiffs' heavy reliance on Hertz Corp. v. Friend, 559 U.S. 77 (2010), is misplaced. In Hertz, the Supreme Court addressed where a corporation has its principal place of business under 28 U.S.C. § 1332(c)(1), but that is not the relevant inquiry in the matter at bar. Because "the citizenship of a limited liability corporation is determined by reference to the citizenship of its members," the Second Circuit has found that where, with respect to a limited liability company such as CSSU, "plaintiffs employed the citizenship test used for corporations and . . . alleged jurisdiction based on diversity of citizenship," they did so "erroneously." Catskill Lit. Trust v. Park Place Entm't Corp., 169 Fed. App'x 658, 659 (2d Cir. 2006). Accordingly, Hertz has no bearing on whether CSSU, a limited liability corporation, is a citizen of New York.

Finally, Plaintiffs argue that CSSU and CS AG are alter egos of one another, such that CS AG's lack of New York citizenship should be imputed to CSSU. The Court need not adjudicate the merits of Plaintiffs' alter ego claim because "an alter ego analysis for purposes of diversity jurisdiction is limited to situations in which it will add an additional state of citizenship in order to destroy diversity." Zadora-Gerlof v. Axa Nordstern Art Ins. Corp., No. 01 CV 11828, 2002 WL 31324138, at *1 (S.D.N.Y. Oct. 17, 2002); see also Schwartz v. Elec. Data Sys., 913 F.3d 279, 294 (5th Cir. 1990) (allowing alter ego doctrine only "as a tool to destroy diversity, not to create it."). "Two corporations that are deemed to be alter egos of each other acquire the citizenship of each other. Consequently, . . . 'the alter ego doctrine would attribute [CSSU's New York citizenship] to [CS AG] even if such resulted in destroying complete diversity.'" Grunblatt v. UnumProvident Corp., 270 F. Supp. 2d 347, 352 (S.D.N.Y. 2003) (quoting Panalpina Welttransport GmBh v. Geosource, Inc., 764 F.2d 352, 354-55 (5th Cir. 1985).

Assuming, *arguendo*, that Plaintiffs' alter ego theory is correct, it would only serve to remove any diversity whatsoever between the parties.

Since CSSU is a citizen of New York, as are Gelb and URPS, the parties in this matter are not completely diverse. Accordingly, the Court lacks subject-matter jurisdiction and "must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is dismissed with prejudice because Plaintiffs have already had an opportunity to address its jurisdictional defects and have failed to do so. See Dist. Council 1707 Local 389 Home Care Emps.' Pension & Health & Welfare Funds v. Strayhorn, No. 11 Civ. 7911, 2013 WL 1223362, at *6 (S.D.N.Y. Mar. 25, 2013) ("while an amended complaint can address defective allegations of jurisdiction, it cannot fix defects in the jurisdictional facts themselves." (internal quotations omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is dismissed with prejudice. The Clerk of Court is directed to terminate the motion at docket number 13 and to close the matter.

Dated: New York, New York
April 25, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge